UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION AT CHATTANOOGA

In re:

WINPAR HOSPITALITY
CHATTANOOGA, LLC,

Debtor.

_____/

CASE NO. 07-11908

CHAPTER 7

Honorable John C. Cook

**MIRABILIS VENTURES, INC.'S OBJECTION TO: (I) MOTION TO COMPEL TURNOVER OF FUNDS OR IN THE ALTERNATIVE TO LIFT STAY AND (II) TO TRUSTEE'S MOTION TO COMPROMISE AND SETTLE DISPUTE WITH UNITED STATES OF AMERICA**

**MIRABILIS VENTURES, INC.** ("Mirabilis"), hereby files this Objection to: (i) the Motion to Compel Turnover of Funds or in the Alternative to Lift Stay filed by the United States of America (Doc. No. 50) (the "Turnover Motion") and (ii) the Motion to Compromise and Settle Dispute with United States of America filed by the Trustee (Doc. No. 57) (the "Compromise Motion") and, in support thereof, states as follows:

**Background Facts**

1. On May 18, 2007 (" Winpar Petition Date"), Winpar Hospitality Chattanooga, LLC (the "Debtor") filed a voluntary petition for liquidation under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Upon information and belief, Richard P. Jahn, Jr. was appointed as trustee ("Trustee") on May 18, 2007.

2. Mirabilis is the sole equity interest holder of the Debtor. Mirabilis also holds an unsecured claim against the Debtor.

3. Atlantic American Capital Group, LLC and certain of its affiliates (collectively "Atlantic") has filed a secured claim in the amount of $2,500,000 ("Atlantic Claim").

4. There are multiple other unsecured creditors who either have scheduled or filed proofs of claim.

5. The United States of America (the "United States") is not a scheduled creditor of the Debtor and has not filed a proof of claim as of the date of this Objection.

6. The Debtor's sole asset was a parcel of real property located at 509 Riverfront Parkway in Chattanooga, Tennessee (the "Chattanooga Property").

7. On April 2, 2008, in accordance with an order of this Court, the Trustee sold the Chattanooga Property to Cameron Harbor, LLC for a purchase price of $7,200,000.00.

8. The Trustee is currently holding the proceeds of the sale totaling $7,080,764.68.

### The Forfeiture Proceeding

9. On April 25, 2008, the United States commenced a civil forfeiture action in the United States District Court for the Middle District of Florida Orlando Division ("Forfeiture Action") against various parcels of real property including the Chattanooga Property.

10. The complaint filed by the United States in the Forfeiture Action states that the United States does not seek authority to seize real property defendants except for proceeds from the proceeds from the sale of property located at 3801 Carolina Avenue in Richmond, Virginia.

### The Mirabilis Bankruptcy Case

11. On May 27, 2008 ("Mirabilis Petition Date"), Mirabilis filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida Orlando Division. While no trustee has been appointed, R.W. Cuthill, Jr. ("Cuthill") is currently serving as President of Mirabilis. Cuthill is a Certified Fraud Examiner and has extensive experience as a Chapter 11 Trustee. Cuthill has served as Chapter 11 Trustee in two of the largest fraud cases filed in the Middle District of Florida. All

U:\Bkry\Mirabilis\WinPar\Pld\objection to compromise.doc

prior management of Mirabilis, including all officers and directors implicated in the allegations of the United States, have resigned or have been removed.

12. As of the date of this Objection, Mirabilis has scheduled and filed general unsecured and priority claims totaling over $12,000,000. Included in the claims filed against Mirabilis is an unsecured priority claim in the amount of $438,000 asserted by the Internal Revenue Service.

### The Turnover Motion

13. On April 30, 2008, the United States filed the Turnover Motion along with a brief in support of turnover.

14. The United States asserts two basis for the relief requested in the Turnover Motion. First, the United States claims that this Court lacks jurisdiction over the Forfeiture Action and, thus, must turnover the proceeds from the sale to be administered by the court in the Forfeiture Action. Second, the United States claims that this Court should grant it relief from the automatic stay because the Forfeiture Action falls within the police powers exception to the automatic stay. Neither claim has merit.

15. As previously noted by both the Trustee and Atlantic in separate pleadings filed with this Court, the Forfeiture Action does not have proper jurisdiction over the proceeds to the sale because such proceeds were already subject to the *in rem* jurisdiction of this Court.

16. Moreover, the relief sought by the United States does not fall within the police powers exception to the automatic stay, since the motive is purely to obtain a pecuniary advantage for the government at the expense of other creditors of the Debtor and Mirabilis's bankruptcy estates.

17. A review of the complaint filed by the United States in the Forfeiture Action indicates that they do not seek seizure at this time, other than proceeds from a separate parcel of real property not relevant to the instant bankruptcy case. If the government's purpose for the Turnover Motion is to punish Frank Amodeo and enforce public policy, it would be actively seeking to seize all property and not just property that has already been liquidated into cash. Moreover, because Mirabilis has filed its own bankruptcy case, any funds due to Mirabilis from the Debtor's estate will be administered by the bankruptcy court in the Mirabilis bankruptcy case. Any funds ultimately disbursed by Mirabilis will be paid only to legitimate creditors of Mirabilis and no funds will be disbursed to Mr. Amodeo.

### The Compromise Motion

18. In the Compromise Motion, the Trustee seeks approval of a compromise between the Debtor's estate and the United States. In accordance with the terms of the compromise, certain allowed unsecured claims and administrative costs of the Debtor would be paid in full and the remainder of the proceeds from the sale would be turned over to the United States.

19. While Mirabilis believes that the holders of allowed unsecured claims in the Debtor's case are entitled to be paid in full, Mirabilis asserts that turnover to the United States would be improper. Such an action would allow the United States to greatly improve its position as a creditor of the Debtor and Mirabilis at the expense of other creditors of the Debtor and Mirabilis's bankruptcy estate.

20. The Compromise Motion seeks to circumvent the distribution framework required under the Bankruptcy Code. The United States has not filed a claim in this case and has no legal basis to assert a claim against the Debtor's estate.

## Conclusion

21. This Court has exclusive jurisdiction over the proceeds from the sale of the Chattanooga Property. No legal basis exists to warrant turnover of any estate funds to the United States. The assets of the estate should be disbursed in accordance with the priorities set forth in the Bankruptcy Code. Consequently, both the Turnover Motion and the Compromise Motion should be denied.

**WHEREFORE**, Mirabilis Ventures, Inc. respectfully requests this Court to enter an order denying the Turnover Motion and the Compromise Motion and entering such other relief as this Court deems appropriate.

**RESPECTFULLY SUBMITTED** this 7th day of August 2008.

/s/ Jimmy D. Parrish
Elizabeth A. Green, Esq.
Florida Bar No. 0600547
Jimmy D. Parrish, Esq.
Florida Bar No. 526401
Latham, Shuker, Eden & Beaudine, LLP
390 N. Orange Ave., Suite 600
Orlando, FL 32801
Tel: (407) 481-5800
Fax: (407) 481-5801
Attorneys for Mirabilis Ventures, Inc.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION AT CHATTANOOGA

In re:                                          CASE NO. 07-11908

**WINPAR HOSPITALITY**                          CHAPTER 7
**CHATTANOOGA, LLC,**
                                                **Honorable John C. Cook**
            **Debtor.**
_____/

### Certificate of Service

I HEREBY CERTIFY that a true and correct copy of **MIRABILIS VENTURES, INC.'S OBJECTION TO: (I) MOTION TO COMPEL TURNOVER OF FUNDS OR IN THE ALTERNATIVE TO LIFT STAY AND (II) TO TRUSTEE'S MOTION TO COMPROMISE AND SETTLE DISPUTE WITH UNITED STATES OF AMERICA** has been furnished electronically by CM/ECF to the following persons:

United States Trustee
Brian D. Smith (Debtor's Counsel)
Richard P. Jahn, Jr., Esq. (the Trustee)
Kent Anderson (Assistant U.S. Attorney)
Theresa Light Critchfield
Nicholas W. Whittenburg
Craig V. Gabbert, Jr.

and by U.S. First Class mail, postage prepaid to the persons on the attached service list this 7th day of August, 2008.

/s/ Jimmy D. Parrish
Jimmy D. Parrish, Esquire

## SERVICE LIST

AQMI Strategy Corp.
200 S. Orange Avenue
Orlando, FL 32801

AQMI Strategy Corp.
2875 S. Orange Avenue, Suite 500
Orlando, FL 32806

Baker, Donelson
1800 Republic Centre
623 Chestnut Street
Chattanooga, TN 37450

City of Chattanooga
1000 Lindsay Street
Chattanooga, TN 37402-4233

Hamilton County Delinquent Tax Office
625 Georgia Avenue, Room 210
Chattanooga, TN 37402

Hamilton County Herald
c/o Fleischmann & Fleischmann
735 Broad Street, Suite 1000
Chattanooga, TN 37402

Hamilton County Trustee
P.O. Box 11047
Chattanooga, TN 37401

John Haslip
1192 Patomac Drive
Merit Island, FL 32952

LEIG Group
10033 North Fort Washington Road, Suite 200
Mequon, WI 53092

Harry R. Cash
Grant, Konvalinka & Harrison, P.C.
633 Chestnut Street, 9th Floor
Chattanooga, TN 37450
(*counsel for:*
MRW Marketing, Inc.
Chattanooga Development, LLC
Donald A. Lee
Wakulla Suites, Inc.
William Parsons)

Mirabilis Ventures, Inc.
PO Box 4916
Orlando, FL 32802

NEXIA Strategy Corp.
P. O. Box 4916
Orlando, FL 32802

Presidion Solutions, Inc.
2875 S. Orange Avenue, Suite 500
Orlando, FL 32806

River City Company
850 Market Street
Chattanooga, TN 37402

River Street Architecture
David F. Hensley, Esq.
837 Fort Wood Street
Chattanooga, TN 37403

Sebastian
99 Georgia King Blvd.
Cape Canavaral, FL 32920

Titamium Technologies, Inc.
2875 S. Orange Avenue, Suite 500
Orlando, FL 32806

Whitney & Whitney, Inc.
William H. Whitney
2876 Anchor Avenue
Los Angeles, CA 90064

Roger Fitch
Hazlett, Lewis & Bieter, PLLC
537 Market Street, Suite 300
Chattanooga, TN 37402-1239

Mirabilis Ventures, Inc.
200 S. Orange Avenue, Suite 2800
Orlando, FL 32801

NEXI Strategy Corp.
200 S. Orange Avenue, Suite 200
Orlando, FL 32801

Presidion Solutions, Inc.
1861 N. Federal Highway, Suite 158
Hollywood, FL 33020